CLD-198                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1665
_____

ANWAR JAVED,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-813-777)
Immigration Judge:  Honorable Miriam K. Mills
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 10, 2011 )

_____

OPINION
_____

PER CURIAM

        Anwar Javed petitions for review of the Board of Immigration Appeals' ("BIA")

denial of his motion to reopen, and the Government has filed a motion for summary

action.  We will grant the Government's motion and deny the petition for review.

I.

Javed is a citizen of Pakistan who overstayed his visitor visa.  He initially applied for asylum and other relief on the ground that he fears mistreatment in Pakistan on account of his Christian religion.  His claims were based primarily on specific threats against him by a group of Muslims in his hometown who claimed that he had converted to Islam and threatened to kill him for apostasy if he did not stop practicing Christianity.  Among the evidence he submitted was the 2006 International Religious Freedom Report, which describes numerous attacks on Christians.  An Immigration Judge denied Javed's claims and ordered his removal to Pakistan, and the BIA dismissed his appeal in 2008.  We denied his petition for review because he had failed to corroborate his claims.  See Javed v. Att'y Gen., 376 F. App'x 227 (3d Cir. 2010).

Javed then filed the motion to reopen with the BIA at issue here.  He filed it more than ninety days after the BIA's previous ruling, so it was untimely unless he demonstrated that it was based on "changed country conditions" in Pakistan.  8 U.S.C. § 1229a(c)(7)(C)((ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).  Javed argued that conditions for Christians had worsened in general, and he attached various newspaper articles and more recent country reports.  The BIA concluded that Javed's new evidence shows only conditions similar to those at the time of his previous hearing and denied his motion as untimely.  It also declined to exercise its discretion to reopen sua sponte.  Javed petitions for review.

II.

2

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of reopening for abuse of discretion and may not disturb its ruling unless it is "'arbitrary, irrational, or contrary to law.'" Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008) (citation omitted). In doing so, we review the BIA's underlying assessment of the record for substantial evidence. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). We perceive no abuse of discretion here.[1]

Javed argued before the BIA that his new evidence shows changed conditions because it reports an increase in violence against Christians and governmental inaction which, coupled with discriminatory laws, has created "an atmosphere of impunity" for those attacks to continue. In rejecting that argument, the BIA compared Javed's new evidence with that already of record, including the 2006 country report (which it referred to by its designation as Exhibit 3 in the prior proceeding). The 2006 country report states that "[a]cts of violence and harassment against Christians continued during the period covered by this report" and goes on to report numerous acts of murder and other violence against Christians. (2006 Report at 1, 9-10, 12, 15-17) (A.R. 173, 181-82, 184, 187-89). It also reports the Pakistani Government's frequent inaction in the face of such attacks and notes that "discriminatory legislation and the teaching of religious intolerance in public schools creates a permissive environment for [those] attacks." (Id. at 15) (A.R. 187).

_____

[1] Javed has not challenged the BIA's denial of reopening sua sponte, and we lack jurisdiction to review such rulings in the absence of considerations that do not apply here. See Pllumi v. Att'y Gen., — F.3d —, No. 09-4454, 2011 WL 1278741, at *3 & n.7 (3d Cir. Apr. 6, 2011).

3

Javed's new evidence does not compel the conclusion that conditions in Pakistan have changed since then. Javed submitted eighty-three pages of documents in support of his motion. The articles he submitted describe specific incidents of attacks on Christians. Those incidents are troubling, but they are substantially similar to those described in the 2006 country report. (Mot. to Reopen, Exhs. A through J) (A.R. 63-96). The more recent country reports are substantially in accord as well. (Id., Exhs. K through M) (A.R. 98-146).

Javed argues that the BIA gave this evidence inadequate consideration, but we disagree. The BIA specifically discussed several of Javed's documents, accurately summarized his evidence as a whole, and adequately explained why it does not show changed country conditions. See Liu, 555 F.3d at 149 (reviewing BIA ruling containing "the type of findings that are sufficient under Zheng"). Javed also faults the BIA's reliance on a statement in a 2010 report that the Pakistani Government had taken steps to protect the rights of religious minorities. Javed acknowledges that the report does indeed contain "positive information," but argues that the BIA focused on this single statement while "ignoring" the rest of his evidence. The BIA plainly did not do so. Instead, it relied on that statement by way of balancing a 2009 report that noted "an increase in violence against minorities during the year" in general. (Mot. to Reopen, Ex. M, at 16) (A.R. 132). The BIA expressly considered that general reference and, viewed in the context of the evidence as a whole, it does not compel the conclusion that conditions in Pakistan have changed.

Finally, Javed argues that "[t]he current state of religious freedom is abysmal and

4

the Board finding to the contrary has the slender reed of a single paragraph in the record to support it." Javed's motion, however, did not call on the BIA to decide whether the situation in Pakistan is "abysmal," and the BIA did not do so. Instead, it concluded only that conditions had not substantially changed since Javed's prior hearing. None of Javed's evidence compels the contrary conclusion.

Accordingly, we will deny the petition for review.